UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT MERRILL,

Plaintiff,

v.  CAUSE NO.: 3:19-CV-503-JD-MGG

INDIANA ATTORNEY GENERAL,

Respondent.

OPINION AND ORDER

Robert Merrill, proceeding pro se, filed a habeas petition to challenge the jurisdiction of the St. Joseph Superior Court to preside over the proceedings for a seatbelt violation. He asks for the dismissal of his State court case or removal to federal court. Because it does not appear that Merrill has been convicted or sentenced, the court construes the petition as seeking habeas relief under 28 U.S.C. § 2241. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) ("Although habeas corpus is generally a post-conviction remedy, the federal courts in certain instances have jurisdiction under 28 U.S.C. s 2241(c)(3) to grant writs of habeas corpus prior to trial to individuals in state custody."). Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488,

490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). For purposes of habeas relief, a person is in custody if they are physically detained or where a person has "suffered substantial restraints not shared by the public generally." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982). In the petition, Merrill offers no indication that he is in custody. To the contrary, when he was asked on the habeas petition form to identify his place of confinement, he provided a residential address rather than the address of a jail or a prison. Because Merrill is not in custody, this court lacks jurisdiction over his habeas claims.

Additionally, though exhaustion is not statutorily required for Section 2241 petitions, federal courts may require a habeas petitioner to exhaust his or her administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy*, 503 U.S. at 146. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Id.* Here, the petition indicates that Merrill has never raised his claims before the Court of Appeals of Indiana or the Indiana Supreme Court. Further, nothing in the petition suggests that these claims require immediate judicial review. As a result, the court finds that Merrill must exhaust his State court remedies with respect to his habeas claims but that he has not done so.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Merrill to proceed further, and a certificate of appealability is denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 for lack of jurisdiction and for failure to exhaust State court remedies;

(2) DENIES Robert Merrill a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Robert Merrill leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on July 2, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT